

One Grand Central Place
60 East 42nd Street, 48th Floor
New York, New York 10165

Tel 212.689.8808
Fax 212.689.5101
www.hnrklaw.com

ssilverberg@hnrklaw.com

**MEMO ENDORSED**

November 14, 2019

**VIA ECF**

Hon. Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

> The parties are directed to appear for a pre-motion conference on December 13, 2019 at 12:00 PM. Plaintiffs are directed to respond to Defendants' letter by Friday, November 22, 2019 at 5:00 PM.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated: November 15, 2019
> New York, New York

Re:  *Guercio v. Triborough Bridge and Tunnel Authority, et al.*, 18 Civ. 8838 (ER)(DCF)

Dear Judge Ramos,

    We represent the Defendants in this matter, and write pursuant to Your Honor's Individual Practices and Local Civil Rule 37.2 to respectfully request a pre-motion conference with the Court to discuss Defendants' anticipated motion to compel the production of outstanding discovery pursuant to Rule 37(a)(3)(B)(iv) and (a)(4) of the Federal Rules of Civil Procedure. We have conferred in good faith with opposing counsel on several occasions, most recently on November 13, 2019 regarding the status of Plaintiff's discovery production, but counsel remains unable to provide a date certain for any further production of records.

    As the Court may recall, Plaintiff claims, *inter alia*, that he was subjected to workplace discrimination under federal, state, and local law on the basis of an alleged disability. Accordingly, the medical records underlying these claims are integral to the completion of discovery, but to date, they have not yet been produced. Without these records, it is not even clear what ailment or injury forms the basis of Plaintiff's disability discrimination claim.

    Defendants served written discovery demands seeking the production of medical records and other relevant documents on June 21, 2019. For example, Plaintiff alleges that he was subjected to a hostile work environment while employed by the TBTA. In his initial disclosures, he identified documents relating to communication with co-workers and with his superior officers. Defendants have demanded the production of these, and all other documents identified in Plaintiff's initial disclosures. To date, they have not been produced.

    Moreover, Defendants have also raised serious concerns about the completeness of records that have been produced. Plaintiff produced only select pages of his application for disability retirement. The pages that were omitted speak directly to Plaintiff's medical condition,



the identification of a purportedly disabling physical condition, and Plaintiff's inability to perform the basic job functions. Again, Plaintiff has made no supplemental production.

A forthcoming motion to compel will detail the multiple deficiencies in Plaintiff's written discovery responses. In addition to outstanding documents, Plaintiff has failed to provide contact information for witnesses identified in his initial disclosures, as required under both the Fed. R. Civ. P. 26(a)(1)(i) and Local Civil Rule 26.3(c)(3). Plaintiff's written discovery responses utterly fail to satisfy the requirements of Fed. R. Civ. P. 34(b).

Defendant has been unable to resolve these discovery issues with Plaintiff, and judicial intervention is therefore warranted. The parties have already requested an extension of discovery because relevant records had not yet been produced (*see* Docket Entry No. 31), and although that request was granted (*see* Docket Entry No. 32), Plaintiff has still failed to produce the required discovery items. We are now concerned that we will be unable to obtain the discovery that has already been requested, and the additional discovery that may be warranted based on what Plaintiff produces, under the current discovery schedule.

Accordingly, in light of the above, Defendants respectfully request a pre-motion conference due to Plaintiff's failure to cooperate and comply with his discovery obligations.

We thank the Court for its attention to this matter.

Respectfully submitted,

Steven Silverberg

cc: **VIA ECF**
Stephen Mc Quade
*Attorney for Plaintiff*

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: November 15, 2019
```